UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                    Plaintiff,

-against-

ELFEGO BOYD,

                    Defendant.

---

13 Cr. 890 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

     Before the Court is Defendant Elfego Boyd's request for
compassionate release pursuant to 18 U.S.C. Section 3582(c) based
on the COVID-19 outbreak.  Because Defendant has not established
an extraordinary and compelling circumstance warranting a
reduction in sentence, the request is denied.

## I.    **FACTUAL BACKGROUND**

     Defendant was convicted in 2014 of sex trafficking minor
victims.  As set out in Defendant's Presentence Investigation
Report ("PSR"), he placed and paid for advertisements offering
Victim-1 – who was 15 and 16 years old at the time – for commercial
sex on backpage.com, a classifieds webpage commonly used by sex
traffickers acting as pimps. When men responded to the
advertisements, the Defendant directed Victim-1 to engage in
commercial sex, sometimes driving Victim-1 to hotels to engage in
the sex acts, and always taking all of the money paid to Victim-

1

1. As outlined in the Government's sentencing letter, while not part of the offense conduct, the Government brought to the Court's attention at sentencing information about the Defendant's sex trafficking of additional minor victims in 2012. As part of his plea agreement, the Defendant agreed to pay restitution to all three victims.

On June 25, 2014, Defendant pled guilty, pursuant to a plea agreement, to one Count of Sex Trafficking of Children, in violation of Title 18, United States Code, Section 1591. On January 8, 2015, the Honorable Robert P. Patterson sentenced Defendant to 120 months' imprisonment, the mandatory minimum sentence provided by statute.

Defendant, now 34, has been incarcerated since his arrest on October 15, 2013. He is currently incarcerated at FCI Allenwood. He is scheduled to be released on July 14, 2022. According to information retrieved from the Bureau of Prisons ("BOP")' website on May 13, 2020, there are currently no positive cases of COVID-19 at FCI Allenwood.

On May 4, 2020, the Defendant filed the motion in which he argues that he should be granted compassionate release because of his medical conditions - specifically, blood clots currently treated with Aspirin, learning disabilities, and a broken jaw -

in the context of the COVID-19 pandemic. The Defendant did not previously file an administrative request with the BOP.

## II.   <u>LEGAL STANDARDS</u>

Under Section 3582, the Court only "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." <u>See</u> 18 U.S.C. § 3582(c)(1)(A); <u>see also</u> 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

The relevant Sentencing Commission policy statement is found in U.S.S.G. § 1B1.13.  That section provides that the Court may reduce the term of imprisonment if "extraordinary and compelling reasons warrant the reduction," <u>id</u>. § 1B1.13(1)(A); "the Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," <u>id</u>.   § 1B1.13(2);

and "the reduction is consistent with this policy statement," id.
§ 1B1.13(3).

The Application Notes describe the circumstances under which
"extraordinary and compelling reasons exist."   Id. § 1B1.13
Application Note 1.  As the proponent of the motion, the Defendant
bears the burden of proving that "extraordinary and compelling
reasons" exist.   See, e.g., United States v. Butler, 970 F.2d
1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and
presumptive access to proof on a given issue normally has the
burden of proof as to that issue."); United States v. Clarke, No.
09 Cr, 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010)
("If the Defendant seeks decreased punishment, he or she has the
burden of showing that the circumstances warrant that decrease."
(quoting Butler, 970 F.2d at 1026)); cf. United States v.
Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

### III.  DISCUSSION

The Court assumes without deciding that it has the power to
waive the requirement of exhaustion of administrative remedies.

Defendant contends that he suffers from (a) medical
conditions — specifically, blood clots for which he takes aspirin
and a broken jaw – that make him vulnerable to COVID-19; (b)
learning disabilities; and (c) generally poor mental health. For
any of these conditions to potentially meet the requirements of
U.S.S.G. § 1B1.13, application note 1(A)(ii)(I) (medical

4

condition), 1(A)(ii)(II) functional and cognitive impairment), 1(A)(ii)(III) (deteriorating mental health due to declining age), the defendant would be required to show that the condition or impairment . . . substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Defendant falls far short.

Accepting Defendant's representation as to his maladies, it appears that his physical conditions are not particularly severe and that the BOP is managing his conditions. Defendant provides no reason to believe that his physical or mental conditions make him more susceptible to COVID-19. He also provides no support for any substantially diminished ability to provide self-care. Thus, the Defendant has not demonstrated an extraordinary and compelling circumstance warranting release.

Even if he had, however, the Defendant must still demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G § 1B1.13(2). In turn, Section 3142(g) directs the Court to consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would

be posed by the defendant's release. 18 U.S.C. § 3142(g). The Defendant does not acknowledge this required step in the analysis, and each of the factors of Section 3142(g) counsels in favor of continued detention through the end of the term of imprisonment imposed by the Court.

The nature and circumstances of this Defendant's offenses of conviction are plainly serious. The Defendant engaged in the sex trafficking of a 15-year-old girl – Victim 1 – whom the Defendant knew was under 18 years old when he had her work as a prostitute for his own profit. The Defendant unduly influenced Victim-1 to engage in prostitution, used internet advertisements to solicit men to pay for sex with Victim-1, and drove her to various hotels to engage in sex acts with these men. Moreover, although Defendant pleaded guilty to the sex trafficking of only Victim-1, he has victimized additional minors. As detailed above, Victim-2 and Victim-3, 15 years-old and 17 years-old, respectively, at the time, engaged in commercial sex at the Defendant's direction. And, in the spring of 2013, the Defendant told Victim-1 that he was still prostituting girls. The Defendant preyed on vulnerable members of our society.

The weight of the evidence against the Defendant was overwhelming, consisting of, among other things, witness

testimony, corroborated by electronic evidence, including bank and phone records.

The history and characteristics of the Defendant also counsel against granting his motion. While the Defendant points to his "first-offender" status, given the evidence concerning his trafficking of prior minor victims it would be more accurate to characterize this as his first offense of conviction.

Thus, the Court finds that this Defendant, at age 34, continues to present a danger to the community. Accordingly, Defendant's motion for release pursuant to 18 U.S.C. Section 3582(c) (dkt. no. 89) is denied, both because he has not demonstrated an extraordinary and compelling reason for release and because, even if he had, he remains a danger to the community.

A copy of this order has been mailed to the Defendant by chambers.

**SO ORDERED.**

Dated:     New York, New York
           May 26, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge

7