UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 13 Cr. 890 (LAP) |
| -against- | |
| ELFEGO BOYD, | ORDER |
| Defendant. | |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Elfago Boyd's supplemented motion for compassionate release.  (Dkt. no. 102.)  In an order dated May 26, 2020 (dkt. no. 93), the Court denied Mr. Boyd's original motion for compassionate release, finding that he had not demonstrated "exceptional circumstances" warranting release and that, even if he had, release would not be warranted because Mr. Boyd continues to pose a danger to the community.  By motion filed December 28, 2020 (dkt. no. 101), Mr. Boyd moved to supplement his motion "for home confinement."  The motion to supplement is granted, but, for the reasons set out below, the motion for compassionate release is denied.

  I.  Background

    In his original motion for compassionate release, Mr. Boyd stated that he suffered from blood clots (which are treated with aspirin), learning disabilities, and a broken jaw.  (Mot. for Modification of Sentence, dated May 7, 2020 [dkt. no. 89].)  The

1

Court found that he had not demonstrated that his conditions "substantially diminishe[ed] the ability of the defendant to provide self-care within the environment of a correctional facility" within the meaning of U.S.S.G. § 1B1.13.  (Order, dated May 26, 2020 [dkt. no. 93], at 5.)

With respect to Mr. Boyd's danger to the community, the Court found in its prior order as follows:

> Even if he had [demonstrated exceptional circumstances warranting release], however, the Defendant must still demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G § 1B1.13(2).  In turn, Section 3142(g) directs the Court to consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).  The Defendant does not acknowledge this required step in the analysis, and each of the factors of Section 3142(g) counsels in favor of continued detention through the end of the term of imprisonment imposed by the Court.
>
>     The nature and circumstances of this Defendant's offenses of conviction are plainly serious.  The Defendant engaged in the sex trafficking of a 15-year-old girl – Victim 1 – whom the Defendant knew was under 18 years old when he had her work as a prostitute for his own profit.  The Defendant unduly influenced Victim-1 to engage in prostitution, used internet advertisements to solicit men to pay for sex with Victim-1, and drove her to various hotels to engage in sex acts with these men.  Moreover, although Defendant pleaded guilty to the sex trafficking of only Victim-1, he has victimized additional minors.  As detailed above, Victim-2 and Victim-3, 15 years-old and 17 years-old, respectively, at the time, engaged in commercial sex at the Defendant's direction. And, in the spring of 2013, the Defendant told Victim-1 that he was still

      prostituting girls.  The Defendant preyed on vulnerable members of our society.

      The weight of the evidence against the Defendant was overwhelming, consisting of, among other things, witness testimony, corroborated by electronic evidence, including bank and phone records.

      The history and characteristics of the Defendant also counsel against granting his motion. While the Defendant points to his "first-offender" status, given the evidence concerning his trafficking of prior minor victims it would be more accurate to characterize this as his first offense of conviction.

      Thus, the Court finds that this Defendant, at age 34, continues to present a danger to the community.

(Id. at 5-7.)

In his supplemented motion, Mr. Boyd notes that there has been an outbreak of COVID-19 at Allenwood Low, the facility at which he is housed.  (Mot. to Supplement Mot. for Home Confinement [dkt. no. 101].)  He also states that his "daily Chromic Care consist[s] of: (1) Asthma Asmanex Twisthaler, Spray Pump, Proair HFA (Albuterol Sulfate Inhalation Aerosol [and] (2) 81 mg. of Aspirin daily to prevention [sic] of Blood Clottins [sic]."  (Mot. for Compassionate Release, dated Dec. 15, 2020 [dkt. no. 102], at 2.)

Mr. Boyd also notes that he has exhausted his administrative remedies (which he had not on his original motion).  (Id.)

II.  Discussion

With respect to Mr. Boyd's medical situation, the only change from his prior motion is his reporting that he suffers from asthma and that there has been a COVID-19 outbreak at Allenwood Low.  Mr. Boyd does not assert that his asthma is not well-treated by the BOP.  Indeed, he has detailed the medications prescribed by the BOP.  As a 36-year-old man with well-treated asthma, Mr. Boyd is not within any of the higher risk CDC categories of those who will become seriously ill if they contract the disease and thus has not demonstrated "exceptional circumstances" warranting release under 18 U.S.C. § 3582(c)(1)(A).

With respect to Mr. Boyd's obligation to demonstrate that he is not a danger to the community, as before, he has not done so.  Nothing has changed on this point between the original motion and the supplemented motion.  Thus, for the same reasons as those articulated in the Court's prior decision, the Court finds that even if Mr. Boyd had demonstrated extraordinary circumstances warranting release, the Court would not grant release because Mr. Boyd poses a danger to the community.

III. Conclusion

For the reasons set out above, Mr. Boyd's motion to supplement his motion for compassionate release (dkt. no. 101)

is granted, and his supplemented motion for compassionate release (dkt. no. 102) is denied.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Boyd.

**SO ORDERED.**

Dated:   New York, New York
         January 6, 2021

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge