UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

             Plaintiff,

-against-

ELFEGO BOYD
a/k/a "Kush da Dawn,"

             Defendant.

13 Cr. 0890 (LAP)

ORDER

---

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Elfego Boyd's ("Defendant") motion for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e) and clarification and modification of his restitution obligation, (Mot., dated Jan. 14, 2025 [dkt. no. 110]). On April 4, 2025, the Government opposed the Motion, (Gov't Opp'n, dated Apr. 4, 2025 [dkt. no. 115]). On April 18, 2025, Defendant replied, (Reply, dated Apr. 18, 2025 [dkt. no. 116]). For the reasons set forth below, Defendant's Motion is GRANTED in part and DENIED in part.

    I.    **Factual Background**

    The Court assumes familiarity with the underlying facts relating to the charges in this case.

    On November 13, 2013, Defendant was charged in a six-count indictment. (Dkt. no. 9.) On June 25, 2014, Defendant pleaded guilty to Count Two, Sex Trafficking of a Minor in violation of 18

1

U.S.C. §§ 1591(a) and (b)(2), pursuant to a plea agreement with the Government.  (Dkt. no. 34.)  On January 8, 2015, Defendant was sentenced to ten years of imprisonment followed by five years of supervised release.  (Dkt. no. 61.)  In addition, Defendant was ordered to pay $20,000 of restitution to the victim.  (Id.; dkt. nos. 56, 60.)  The order of restitution, which was filed on both January 9 and January 12, 2015, sets the terms of payment but says nothing about whether the order is joint and several.  (Dkt. nos. 54, 56, 60.)  However, Defendant's final judgment, filed on January 16, 2015, has the "Joint and Several" box checked, stating that his co-defendant is "Norman Darby, 13cr890-01(RPP)" and confirms Defendant's restitution amount at $20,000.  (Dkt. no. 60.)

On November 13, 2013, co-defendant Darby was charged in the same indictment on three of six counts.  (Dkt. no. 9.)  On August 4, 2014, Darby pleaded guilty to Count One, Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 1594(c), pursuant to a plea agreement with the Government.  (Dkt. no. 39.)  On June 30, 2015, Darby was sentenced to five years of imprisonment followed by a period of five years of supervised release. (Dkt. no. 76 at 16: 3-8.)  During the sentencing proceeding, the Court ordered that Darby pay $6,500 of restitution to the victim, with no mention of joint and several liability, while also noting that the final judgment should conform to the restitution order prepared by the parties.  (Id. at 20:13-14; 23:4-11.)  Darby's judgment reflects

restitution in the amount of $6,500 and does not indicate joint and several liability. (Dkt. no. 73 at 5-6.) However, the order of restitution states "the defendant's liability for restitution shall be joint and several . . . ." (Dkt. no. 74 at 2.)

On February 8, 2022, Defendant was released to a half-way house. (Mot. at 2.) On March 22, 2022, Defendant secured employment. (Id.) On July 14, 2022, Defendant was released from the half-way house, and his term of supervised release began. (Id.) Defendant continues to work at E Armata, Inc., a fruit and produce distribution company, located in the Bronx at the New York City Terminal Market. (Id. at 3.) To the Court's knowledge, Defendant had only one instance of non-compliance when, around December of 2022, he went to New Jersey, out of district, without permission. (Gov't Opp'n at 5.) Presently, Defendant is being considered for a promotion. (Mot. at 3.) However, according to his supervisor, the terms of Defendant's supervised release are an obstacle, considering his inability to work flexible hours or have contact with law enforcement. (Id.)

Currently, the records reflect that Defendant "has paid $9,151.722 and currently owes $8,899.28 in unpaid principal." (Gov't Opp'n at 5.)

3

II. **Applicable Law**

   a. **Supervised Release**

18 U.S.C. § 3583(e)(1) states that

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)— terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . .

"Early termination of probation is not warranted as a matter of course." United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015). "Courts in the Second Circuit have routinely held mere compliance with the terms of supervised release does not qualify [a supervisee] for early termination." United States v. Dent, 15 Cr. 606 (WFK), 2023 WL 2087993, at *2 (E.D.N.Y. Feb. 17. 2023); United States v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release.") (internal quotation marks omitted); see also United States v. Gonzales, 94 Cr. 134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). Rather, the statute should be used "[o]ccasionally," and serves "to account for new or unforeseen circumstances" that might "render a previously imposed term or condition of release either too harsh

4

or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); see also United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

The purpose of supervised release is not punitive but rehabilitative. See United States v. Brooks, 889 F.3d 95, 99 (2d Cir. 2018) (per curiam). Courts have granted early termination where employment prospects are jeopardized by supervised release status. See United States v. Harris, 689 F. Supp. 2d 692, 695 (S.D.N.Y. 2010) (granting early termination where defendant faced "multi-faceted obstacles" to job performance, despite an outstanding restitution obligation); see also United States v. Schuster, 01 Cr. 67 (TPG), 2002 WL 31098493, at *1 (S.D.N.Y. Sept. 19, 2002) (granting early termination where supervised release resulted in "repeated rejections and setbacks" in obtaining employment).

### b. Restitution

"It is well-established that a district court may not alter an imposed sentence, except in narrow circumstances[.]" United States v. Kyles, 601 F.3d 78, 83 (2d Cir. 2010); see also United States v. Spallone, 399 F.3d 415, 421 (2d Cir. 2005). A criminal restitution order is a final judgment that cannot be remitted. See 18 U.S.C. § 3664(o); United States v. Hamburger, 414 F. Supp. 2d 219, 225-26 (E.D.N.Y. 2006); United States v. Kerzhner, 00 Cr.

1197 (SJ), 2007 WL 29393, at *1-2 (E.D.N.Y. Jan. 4, 2007) (denying defendant's post-judgment requests to modify the restitution imposed).

A court may adjust a restitution payment schedule based on "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." See 18 U.S.C. § 3664 (k); see also United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000) (noting that a material change is measured by "an objective comparison of a defendant's financial condition before and after a sentence is imposed").

### i. Joint and Several Liability

18 U.S.C. § 3664(h) states

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

Courts have recognized that "between persons charged with the same or similar offenses, '[t]he Constitution permits qualitative differences in meting out punishment . . . .'" United States v. Hand, 863 F.2d 1100, 1106 (3d Cir. 1988) (quoting Williams v. Illinois, 399 U.S. 235, 243 (1970)).

If a district court decides to apportion liability, then it can either hold the co-defendants joint and severally liable for the full amount or can hold each defendant liable for only part of

that total. United States v. Nucci, 364 F.3d 419, 422-23 (2d Cir. 2004) ("It has long been the law of this circuit that the restitution obligation may be ordered to be joint and several."). Courts have consistently held that defendants can be ordered to pay restitution to the same victims in different amounts, and when that occurs, the Government may hold any individual defendant liable for as much as the court ordered as to that defendant, but the Government may not collect more from all defendants together than will make the victims whole. Id.; see also United States v. Yalincak, 30 F.4th 115, 126 (2d Cir. 2022).

### III. Discussion

Defendant requests that the Court (1) modify his supervised release by either (a) terminating it, (b) removing all of the conditions other than the continued restitution payment, or (c) terminating it as soon as the full restitution amount has been paid; and (2) modify his restitution payment so that his monthly payment be reduced to the same level as his co-defendant Darby.

The Court will address each request in turn.

#### a. Supervised Release

Defendant has been steadily employed since even before he was on supervised release. (Mot. at 7.) Defendant explains that he is being considered for a promotion but that his supervised release status is prohibiting his professional growth. (Id. at 3; Id. Ex. B.) Additionally, Defendant has been diligent in the completion

7

of restitution payments and emphasizes that he will continue to do so regardless of the outcome. (Id. at 7.)

The effect of Defendant's supervised release is to frustrate his potential promotion and his ability to continue to pay restitution. Harris, 689 F. Supp. 2d at 695 (noting that "the only practical consequence of continuing supervision . . . is to cripple [defendant]'s efforts to achieve full rehabilitation through professional advancement"). Early termination of his supervised release will assist him in being promoted and fulfilling his restitution obligations. (Mot. at 4.) These facts, in conjunction with Defendant's post-conviction conduct, weigh in favor of early termination of his supervision.

While Defendant's underlying crime is serious and requires punishment adequate to promote respect for the law and establish deterrence, the Court finds that the almost three years of supervised release Defendant has already served is sufficient to support the sentencing goals of 18 U.S.C. § 3553(a). Accordingly, Defendant's motion for early termination of supervised release is GRANTED.

### b. Restitution

While Defendant's restitution order does not mention his restitution obligation being joint and several, Defendant's final judgment does. (Dkt. nos. 54, 56, 60.) Additionally, Darby's restitution order, which the Court stated at the sentencing

proceeding that the parties should rely on, states that Darby's restitution obligation is joint and several. (Dkt. no. 76 at 12:9-15, 20:13-14; 23:4-11.) United States v. Baig, 669 F. App'x 587, 589 (2d Cir. 2016) ("The law is clear that the court's oral pronouncement of the sentence governs as to any discrepancy between the pronouncement and the written judgment."). Additionally, "the Clerk of Court has confirmed that it considers Boyd's debt to be joint and several, i.e., that Boyd is receiving credit for payments made by Darby." (Gov't Opp'n at 5.) The records reflect that Defendant "has paid $9,151.722 and currently owes $8,899.28 in unpaid principal." (Id.) This enables Defendant to figure out how much his co-defendant has contributed and what is currently outstanding. Given these facts in conjunction with the fact that it is within the Court's discretion to order that the restitution obligation is joint and several with Defendant solely responsible for the full $20,000 payment, the Court finds that the obligation is joint and several. United States v. Constantine, 21 Cr. 530 (SHS), 2023 WL 6587985, at *5 (S.D.N.Y. Oct. 10, 2023), aff'd, No. 23-6440, 2025 WL 601201 (2d Cir. Feb. 25, 2025); see also Nucci, 364 F.3d at 422 ("[I]t was within the district court's discretion to order that [Defendant] . . . be held jointly and severally liable for the full amount of the restitution."). This means that Defendant is solely liable for $13,500 of the total $20,000 restitution owed, and the remaining $6,500 could be paid solely by

Darby, solely by Defendant, or by a combination of both Darby and Defendant. (Gov't Opp'n at 8.)  Darby would receive no credit for any payments made by Defendant until those payments exceeded $13,500, i.e., until less than $6,500 total liability remained. (Id.)

Regarding the victim loss discrepancy between Defendant and Darby, the Court explained, during Darby's sentencing, the relative culpability of the two defendants – "Mr. Darby's participation in this admittedly heinous offense was less than that of Mr. Boyd." (Dkt. no. 76 at 15:18-20.)  Therefore, there is no deprivation of due process arising from the fact that Defendant has a different restitution obligation from Darby that reflects his level of participation in the crime.

Additionally, the Court cannot adjust Defendant's required monthly payment schedule for the sole reason that his co-defendant's monthly payment is different.  United States v. Rodriguez, 01 Cr. 497 (RMB), 2020 WL 881991, at *3 (S.D.N.Y. Feb. 24, 2020) (denying Petitioner's request to terminate or reduce his restitution because he "cites no specific change in his economic circumstances that causes his inability to meet his current payment schedule").

Accordingly, Defendant's motion for modification of his restitution obligation is DENIED.

## IV. Conclusion

For the reasons set forth above, Defendant's motion for early termination of his supervised release is GRANTED, and Defendant's request for clarification and modification of his restitution obligation is DENIED. Defendant shall continue to make restitution payments according to his current schedule. Other than the requirement for restitution payments, Defendant's supervised release is terminated immediately.

The Clerk of the Court shall close dkt. no. 110 and mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:   New York, New York
         July 7, 2025

_____
LORETTA A. PRESKA
Senior United States District Judge